**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THOMAS MAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00890-MTS |
| ANNE L. PRECYTHE, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of self-represented plaintiff Thomas May's civil rights complaint. For the reasons discussed below, the Court will order plaintiff to file a signed, amended complaint on a Court-provided form. He will also be ordered to either file a Court-provided "Application to Proceed in District Court without Prepaying Fees or Costs" or pay the $402 filing fee.

### Background

On July 10, 2023, fourteen individuals incarcerated at the Missouri Eastern Correctional Center ("MECC"), including plaintiff, filed a "class action" lawsuit. Doc. [1]. The class action lawsuit names six defendants affiliated with MECC. Defendants are accused of allowing the plaintiffs to be restrained with plastic zip-ties for an excessive amount of time while the Correctional Emergency Response Team searched their housing unit. Only one of the plaintiffs, David Wilson, signed the complaint, filed an application to proceed in the district court without prepaying filing fees and costs, and submitted a copy of his inmate account statement.

Because the Court does not allow multiple prisoners to join together in a single lawsuit under Federal Rule of Civil Procedure 20, new cases were opened for each individual plaintiff. *See*

Doc. [2]. This case is one of the newly-opened cases brought by a plaintiff who did not sign the original complaint.

## Discussion

The complaint in this action is defective for two reasons. First, the complaint is not signed by plaintiff Thomas May. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention." Fed. R. Civ. P. 11(a). Similarly, the Local Rules of this Court also require that all filings be signed by a self-represented party. E.D. Mo. L.R. 2.01(A)(1).

Second, the complaint alleges violations of the rights of a group of inmates as a whole, rather than describing the specific constitutional violations alleged by each plaintiff individually. While federal law authorizes self-represented plaintiffs to plead their own claims, they generally cannot bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that a plaintiff must allege violations of his own rights and not the rights of others). Moreover, a non-attorney cannot represent someone else in federal court. *See* 28 U.S.C. § 1654; *see also Jones ex rel. Jones v. Correctional Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney . . . may not engage in the practice of law on behalf of others").

Because plaintiff is representing himself, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief. Plaintiff should type or neatly print his complaint on the Court's prisoner civil rights form, which will be provided to him. In the "Caption" section of the form, plaintiff should clearly name all parties he seeks to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, so each specific defendant understands what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will not be considered by the Court. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original

3

complaint and renders the original complaint without legal effect"). If plaintiff does not file an amended complaint on the Court-provided form within thirty (30) days as instructed, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Finally, plaintiff has not paid the $402 filing fee, and has not filed an "Application to Proceed without Prepaying Fees or Costs." Plaintiff must either pay the full filing fee or file the application to proceed in the district court without prepaying fees and costs (which the Court will mail to him) within thirty (30) days of the date of this order. If plaintiff does not timely comply with this order, the Court will dismiss his action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's "Application to Proceed in District Court without Prepaying Fees or Costs" form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's prisoner civil rights complaint form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $402 filing fee or file the application to proceed without prepaying fees and costs within **thirty (30) days** of the date of this Order.

**If plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 25th day of July, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE